IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| MEDICONE MEDICAL RESPONSE OF TENNESSEE, INC.; and MEDICONE MEDICAL RESPONSE OF MIDDLE TN, INC. | ) ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Jena (Ferrell) Phillips and a class of women who were adversely affected by such practices. As alleged with greater particularity in paragraphs 12 (a)-(oo) below, Plaintiff Equal Employment Opportunity Commission claims Defendants MedicOne Medical Response of Tennessee, Inc.; and MedicOne Medical Response of Middle TN Inc., (collectively, "MedicOne") subjected Jena Phillips, and a class of females, to ongoing, unwelcomed sexual harassment, and retaliated against Phillips when she complained about and opposed the unlawful practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, MedicOne Medical Response of Tennessee, Inc. (MedicOne of TN), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

5. At all relevant times, MedicOne of TN has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, MedicOne Medical Response of Middle TN Inc. (MedicOne Middle TN), has continuously been a Tennessee corporation doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

7. At all relevant times, MedicOne Middle TN has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Orion Phillips filed a charge of discrimination with the Commission alleging violations of Title VII by MedicOne.

9. On August 17, 2020, the Commission issued to MedicOne a Letter of Determination finding reasonable cause to believe that Title VII of the Civil Rights Act of 1964 was violated, and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with MedicOne to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from MedicOne a conciliation agreement acceptable to the Commission.

12. On September 10, 2020, the Commission issued to MedicOne a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least December 2017, MedicOne has engaged in unlawful employment practices at its Nashville, Tennessee location in violation of Section 703(a)(1) and 704 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a).

   (a) The unlawful employment practices include subjecting Jena Phillips (J. Phillips), and a class of females, to ongoing unwelcomed sexual harassment, and unlawfully retaliating against J. Phillips.

   (b) MedicOne operates three branch offices in the State of Tennessee. Its Nashville, Tennessee location represents one of those offices.

(c) In 2017, J. Phillips began working as a Paramedic at MedicOne.

(d) MedicOne's Operations Manager, Josh Logan (Logan), served as J. Phillips's direct supervisor.

(e) Logan harassed J. Phillips by routinely sending J. Phillips inappropriate text messages, requesting sexual favors, and photos via Snapchat, a social media app.

(f) The inappropriate pictures included pictures of Logan's penis and the space under his desk.

(g) Logan told J. Phillips if "she had been under his desk, she would not have gotten a long-distance transfer assignment."

(h) Logan made sexual advances towards J. Phillips at least once or twice per shift.

(i) When Phillips declined Logan's advances, Logan delayed assigning J. Phillips to a paramedic truck.

(j) Logan rubbed J. Phillips's shoulders or kissed her neck at least ten times.

(k) Logan made J. Phillips send him pictures of herself if she wanted to leave work on time.

(l) On at least three occasions, Logan approached J. Phillips from behind while she was in the storage room, grabbed her hips, and grinded against her buttocks.

(m) Logan told J. Phillips on several occasions that he wanted to have sex with her and the positions he wanted to try with her.

(n) Logan found a reason to brush against J. Phillips's buttocks or graze her breast on a weekly basis.

(o) Medic One maintained a sexual harassment policy.

(p) Medic One did not ensure the distribution of the sexual harassment policy to all employees in the workplace.

(q) Medic One did not train employees on the sexual harassment policy.

(r) The policy required that employees complain to their supervisor about sexual harassment.

(s) The policy did not provide a mechanism to bypass the supervisor to complain when the supervisor harassed employees.

(t) Phillips complained about the harassing behavior to Larry Dorsey (Dorsey), Respondent's Regional Program Director, in February 2018.

(u) Dorsey failed to conduct a thorough investigation into J. Phillips's allegations.

(v) Dorsey interviewed only employees who agreed to participate in the investigation.

(w) After the investigation, Dorsey did not discipline Logan in any way.

(x) After the investigation, Logan continued to harass female employees in the workplace.

(y) MedicOne discharged J. Phillips on April 25, 2018, two months after she complained of sexual harassment.

(z) Prior to her complaints against Logan, J. Phillips worked as an EMS paramedic for fifteen years without any issue.

(aa) The alleged conduct for which Medic One disciplined and discharged J. Phillips occurred prior to her complaints of discrimination, and did not result in any reprimands or discipline until after J. Phillips complained about unlawful harassment.

(bb) In January 2018, MedicOne Medical Response hired Jada Poole.

(cc) After her hire, Logan began harassing Poole.

(dd) Logan harassed Poole every day she worked in the office.

(ee) Logan talked to Poole about his sex life with his wife.

(ff) Logan told Poole what he wanted to do to her sexually.

(gg) Logan told Poole he wanted to pin her against the wall, take her clothes off, and "eat her out" on the table.

(hh) Poole was sexually harassed by multiple employees of MedicOne.

(ii) MedicOne's CEO, Jim Reeves, tried to get Poole drunk at a bar.

(jj) MedicOne's Sales Manager, Brian, told Poole "I bet your pussy's good."

(kk) Poole resigned her position from Medic One around April or May 2018.

(ll) MedicOne hired other female employees as a Paramedic/Preceptor before and after Poole in September 2017.

(mm) Logan continued to sexually harass the female employees in the workplace.

(nn) The unwelcome sexual harassment committed upon the females was sufficiently severe or pervasive to alter the terms and conditions of the claimants' employment by creating a sexually hostile work environment.

(oo) Medic One terminated Logan for misconduct on February 1, 2019.

15. The effect of the practice(s) complained of in paragraphs 14(a)-(oo) above has been to deprive Jena Phillips, Jada Poole and other females as a class of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female, and to adversely affect Phillips's status as an employee because of unlawful retaliation.

16. The unlawful employment practices complained of in paragraphs 14(a)-(oo) above were intentional.

17. The unlawful employment practices complained of in paragraphs 14(a)-(oo) above were done with malice or with reckless indifference to the federally protected rights of Jena Phillips, Jada Poole, and other females as a class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining MedicOne, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment and any other employment practice which discriminates based on sex, female.

B. Grant a permanent injunction enjoining MedicOne, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any unlawful retaliation against individuals who oppose employment practices reasonably believed to be unlawful under Title VII, or against individuals who assist, encourage, and/or support others who oppose employment practices reasonably believed to be unlawful under Title VII.

C. Order MedicOne to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D. Order MedicOne to make whole Jena Phillips, Jada Poole, and females as a class by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order MedicOne to make whole Jena Phillips, Jada Poole and females as a class by providing compensation for past and future pecuniary losses resulting from the unlawful

7

employment practices described in paragraphs 14(a)-(oo) above, in amounts to be determined at trial.

F. Order MedicOne to make whole Jena Phillips, Jada Poole, and a class of other female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14(a)-(oo) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order MedicOne to pay Jena Phillips, Jada Poole, and a class of female employees, punitive damages for its malicious and reckless conduct described in paragraphs 14(a)-(oo) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730
Faye.williams@eeoc.gov

TIMOTHY M. BOWNE
Supervisory Trial Attorney

Texas Bar No. 00793371

ROSLYN N. GRIFFIN
Trial Attorney
MS Bar No. 103317

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 900
Memphis, TN 38104
(901) 544-0099