IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 3:20cv00912<br>) |
| v. | ) Judge William B. Campbell<br>) Magistrate Judge Barbara Holmes |
| MEDICONE MEDICAL RESPONSE OF TENNESSEE, INC.; and MEDICONE MEDICAL RESPONSE OF MIDDLE TN, INC. | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (the "Commission") filed this lawsuit against MedicOne Medical Response of Tennessee, Inc. and MedicOne Medical Response of Middle TN, Inc. ("MedicOne") on October 22, 2020. The Commission alleged MedicOne violated Title VII of the Civil Rights Act when it subjected Jena Phillips and a class of female employees to sexual harassment. The Commission further alleged MedicOne retaliated against Phillips when it fired her for complaining about the harassment.

The Parties engaged in good faith negotiations and now consent to entry of this Decree by this Court. This Decree does not constitute a finding on the merits of the case. The Parties stipulate the terms and conditions of this Decree are fair, reasonable, adequate, and serve the public interest in eradicating sexual harassment and retaliation.

This Decree represents the final and complete agreement between the Parties regarding the resolution of this civil action.

In the event the Court does not approve this Decree, the Parties agree neither of them will

attempt to admit the Decree in evidence in this or any subsequent lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court hereby APPROVES the Decree and FINDS as follows:

## I. JURISDICTION

The Court has jurisdiction over the Parties and the subject matter of this action.

## II. SCOPE AND DURATION OF THIS DECREE

A. The duration of this Decree and all obligations shall remain effective for four years from the date of its entry by the Court.

B. During the term of this Decree, the Court shall retain jurisdiction over this case for purposes of compliance and any disputes that may arise.

## III. ISSUES RESOLVED

A. This Decree resolves all issues and claims arising from Orion Phillips' Charge of Discrimination against MedicOne Medical Response, EEOC Charge No. 494-2018-01756.

B. This Decree resolves all issues and claims arising from Julie Linn's Charge of Discrimination against MedicOne Medical Response, EEOC Charge No. 494-2019-00887.

C. This Decree resolves all issues and claims arising from the Commission's Complaint filed against MedicOne, Civil Action No. 3:20-cv-00912.

## IV. INJUNCTIVE RELIEF

A. MedicOne, its officers, agents, servants, managers, and employees are enjoined from failing to investigate employees' complaints of sexual harassment and/or retaliation.

B. MedicOne, its officers, agents, servants, managers, and employees are enjoined from using its influence with the state licensure board to threaten or report to threaten employees who complain of sexual harassment, in retaliation for the employee's complaints about the

unlawful behavior.

C.  MedicOne's officers are enjoined from propositioning employees for sexual favors or relations.

## V. REVISE SEXUAL HARASSMENT POLICY

A.  MedicOne, its officers, agents, successors and other persons in active concert or participation with it, shall revise its sexual harassment policy.

B.  The revised Policy shall state MedicOne does not tolerate or condone sexual harassment.

C.  The revised Policy shall give a non-exhaustive list of examples of prohibited conduct. Such examples should include, but are not limited to, unwelcome touching, requests for sexual favors in exchange for better shifts or better treatment, and any other conduct of a sexual nature.

D.  The Policy shall create a 1-800- number to report complaints of harassment.

E.  The Policy shall identify, in detail, the procedure MedicOne will follow when investigating the complaint.

F.  The Policy shall state that complaints of sexual harassment will be handled as confidentially as possible.

G.  The Policy shall state that employees who make claims of harassment or provide information related to such claims will be protected against retaliation.

H.  The Policy shall state MedicOne will take immediate and appropriate corrective action if it finds sexual harassment has occurred.

## VI. POLICY DISTRIBUTION

A.  MedicOne shall distribute the revised policy to each of its employees at all of its

locations within thirty (30) days date of this Decree.

B. Each employee shall sign an acknowledgement that they have received the revised policy.

C. MedicOne shall retain the written acknowledgement of such receipt in each employee's file.

D. Upon hire of any new employee, MedicOne shall ensure all employees receive a copy of the revised sexual harassment policy.

E. MedicOne shall post a copy of the revised sexual harassment policy in a visible area at all of its locations.

### VII. MONETARY RELIEF

A. MedicOne shall pay a total of $450,000 to resolve this litigation.

B. The Commission shall allocate the settlement proceeds for each claimant in this case at its sole discretion.

C. The Commission shall provide a list identifying the amounts MedicOne shall pay to each claimant, along with relevant identifying information, within ten (10) business days of this Court's entry of the decree. The Commission's list will contain information regarding what portion of the settlement proceeds are allocated for back pay and what portions are allocated for compensatory damages. MedicOne will issue W-2 forms and 1099 forms to the claimants for the appropriate amounts.

D. MedicOne shall issue payment within twenty (20) business days of receiving the distribution list from the Commission.

E. MedicOne shall submit proof of payment, and any accompanying correspondence, to the Commission within five (5) days of mailing. The proof of payment may

be sent via e-mail to the Commission at EEOC-MEDO-decreemonitoring@eeoc.gov.

  F. Late payment shall be subject to the accrual of interest as outlined in 28 U.S.C. § 1961.

  G. As a condition of receiving payment, each Claimant, with the exception of Julie Linn, will execute the form Releases attached hereto as Appendix A. Julie Linn will execute the form Release attached hereto as Appendix B.

  H. MedicOne shall make payments in the form of a cashier's check.

## VIII. TRAINING

  A. MedicOne agrees to provide annual, in-person sexual harassment training to all employees. The training shall occur every six months for the duration of this Decree.

  B. An attorney, a certified Society for Human Resource Management (SHRM) professional, or another similarly qualified trainer shall conduct the training.

  C. Initial training will occur within sixty (60) days of entry of this Decree.

  D. The training session shall last a minimum of two hours.

  E. The training shall consist of, amongst other things, the following:

    i. explanation of Title VII and its prohibitions against sexual harassment and retaliation;

    ii. review of MedicOne's sexual harassment policy;

    iii. explanation of the duty to, and the manner of, properly reporting sexual harassment;

    iv. A Human Resource representative will attend the training and make a statement during the training session. The statement shall include the following:

  a. MedicOne does not tolerate any forms of sexual harassment or retaliation;

  b. All employees are responsible for reporting any sexual harassment or retaliation that they witness;

  c. Failure to report harassment will result in disciplinary action;

  d. All employees, regardless of job title or description, are required to treat each other with respect.

  e. Harassment or mistreatment of subordinates or coworkers may result in disciplinary action, up to and including termination.

F. Within twenty (20) days of the training, MedicOne must submit to the EEOC:

  i. a copy of the training materials,

  ii. documentation showing the training occurred, and

  iii. a signed roster showing the names of the employees who attended the training.

## IX. RECORDKEEPING

MedicOne agrees to collect, retain and provide the following information to the Commission upon request, but never more than once in a six (6) month period, during the duration of this Consent Decree:

1. A list of all employees who complain about sexual harassment;

2. Steps MedicOne took to investigate the Complaint;

3. A copy of MedicOne's response to the complaint(s).

The requested information should be made available for inspection and copying within fifteen business (15) days of receiving a written request from EEOC for such documents.

## X. REPORTING

MedicOne shall provide the Commission with semi-annual reports by June 1 and December 1 for the duration of this Decree. The report shall include the following:

1. Certification that MedicOne conducted the training listed in Section VII;

2. Copy of the training materials;

3. Signed roster showing the names of the employees who attended the training; and

4. Records required in Paragraph IX.

## XI. NOTICE POSTERS

A. MedicOne shall post, for the duration of the decree, the Notice to Employees attached as Appendix C.

B. The Notice shall be posted in a conspicuous location in any non-public area of all MedicOne facilities.

## XII. MONITORING AND ENFORCEMENT

A. The Commission may monitor MedicOne's compliance with the terms of this Consent Decree by:

    i. Examining documents or other records required to be made or kept by this Decree; and

    ii. Interviewing employees and management concerning the requirements of and compliance with this Decree.

B. If the Commission, at its sole discretion, finds MedicOne failed to comply with the Decree, the Commission shall provide MedicOne notice of the failure and allow it a period of fifteen (15) calendar days from receipt of the notice to comply.

C. If, after the 15-day period has expired, MedicOne failed to comply, the Commission may then petition this Court for relief. Such relief may include further permanent or

temporary injunctions, monetary relief, costs, and/or penalties for contempt of court.

## XIII. SEVERABILITY

A. If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties.

B. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

## XIV. SUCCESSOR LIABILITY

A. For the duration of this Decree, prior to any sale, merger, or consolidation of the company, MedicOne shall provide written notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, or any other corporation or entity that acquires, merges or consolidates. Any surviving entities that exist upon completion of the acquisition, merger or consolidation shall remain fully liable for compliance with this Decree.

B. MedicOne shall provide notice to the Commission forty-five (45) days prior to any assignment, succession, acquisition, merger, or consolidation.

## XV. COSTS AND EXPENSES

The parties shall bear their own costs, attorney fees, and expenses arising from this litigation.

## XVI. NOTICES AND OTHER COMMUNICATION

All notices, certifications, reports, or other communications that this Decree requires the

parties to exchange shall be in writing and transmitted as follows:

1. To the Commission, via electronic mail to:
   EEOC-MEDO-decree-monitoring@eeoc.gov.

2. To MedicOne via e-mail to:
   luther.wright@ogletree.com

Any party may change the contact information by written notice to the other parties setting forth the new information.

IT IS SO ORDERED THIS __29th__ DAY OF __November__, 2021.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT COURT JUDGE

Agreed to By:

| | |
|---|---|
| Faye A. Williams<br>Regional Attorney<br>TN Bar No. 11730<br>Faye.Williams@eeoc.gov<br><br>Amy Black<br>Supervisory Trial Attorney<br>TN Bar No. 016102<br>Amy.Black@eeoc.gov<br><br>/s/ Markeisha Savage<br>Markeisha Savage<br>Trial Attorney<br>TN Bar No. 024693<br>Markeisha.Savage@eeoc.gov<br><br>/s/ Roslyn N. Griffin<br>ROSLYN N. GRIFFIN<br>Trial Attorney<br>MS Bar No. 103317<br>Roslyn.Griffin-Pack@eeoc.gov<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Memphis District Office | /s/ Luther Wright, Jr.<br>Luther Wright, Jr.<br>TN Bar No. #17626<br>luther.wright@ogletree.com<br><br>Anne T. McKnight<br>TN #026476<br> anne.mcknight@ogletreedeakins.com<br><br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>SunTrust Plaza 401 Commerce Street, Suite 1200<br>Nashville, TN 37219-2446<br>Telephone: 615-254-1900<br>Facsimile: 615-254-1908<br><br>Attorneys for Defendants MedicOne Medical Response of Tennessee, Inc. and MedicOne Medical Response of Middle TN, Inc. |

| 1407 Union Avenue, Suite 900<br>Memphis, TN 38104<br>(901) 701-6445 | |

# APPENDIX A

## RELEASE OF CLAIMS

In consideration for _____ paid to me by MedicOne Medical Response of Middle TN, Inc. in connection with the resolution of EEOC v. MedicOne Medical Response of Tennessee, Inc.; and MedicOne Medical Response of Middle TN, Inc., Civil Action No. 3:20CV00912 filed in the United States District Court for the Middle District of Tennessee, Nashville Division I waive my right to recover for any claims of sex discrimination and retaliation that I had against MedicOne prior to the date of this Release and that were included in the claims alleged in EEOC's Complaint in the Case.

_____  _____
Date                                                         [Name]

# APPENDIX B

## RELEASE OF CLAIMS

In consideration for _____ paid to me by MedicOne Medical Response of Middle TN, Inc. in connection with the resolution of EEOC v. MedicOne Medical Response of Tennessee, Inc. and MedicOne Medical Response of Middle TN, Inc., Civil Action No. 3:20CV00912 filed in the United States District Court for the Middle District of Tennessee, Nashville Division and EEOC Charge No. 494-2019-00887, I waive my right to recover for any claims of sex discrimination and retaliation that I had against MedicOne prior to the date of this Release and that were included in the claims alleged in EEOC's Complaint in the Case and that were alleged in EEOC Charge No. 494-2019-00887.

_____          _____
Date                                                                   Julie Linn

## APPENDIX C

## NOTICE TO EMPLOYEES

MedicOne posts this Notice as part of a Consent Decree entered by the United States District Court for the Middle District of Tennessee in the matter of EEOC v. MedicOne Medical Response of Tennessee, Inc.; and MedicOne Medical Response of Middle TN, Inc.

Title VII of the Civil Rights Act of 1964, as amended (Title VII), prohibits discrimination against any employee or applicant for employment because of the individual's sex with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Title VII further prohibits employers from retaliating against employees who protest sex discrimination, including sexual harassment.

MedicOne supports and will fully comply with federal law in all aspects and will not take any action against any individual because they have exercised their rights under the law.

Specifically, MedicOne prohibits sexual harassment by executive officers, management, and non-management employees and will take prompt and appropriate action to correct and prevent any such behavior.

MedicOne encourages its employees, if they see or hear sexual harassment, to report sexual harassment in the workplace and will not retaliate in any manner against any individual who makes such a report.

This Notice will remain posted for a period of three (3) years.

SIGNED THIS ____ DAY OF _____, 2021

_____
President
MedicOne Medical Response of Tennessee, Inc.